Follett, J.
The plaintiffs in error are sureties on a treasurer’s bond. The sureties on the bond of a public officer are bound with their principal as original promisors, aud are liable for defaults committed by their principal after the commencement of the term of office for which they became sureties; and their liability is measured by the terms of their contract.
Baylies on Sureties and Guarantors, 4,150; Miller v. Stewart, 9 Wheaton, 680, 703; State v. Corey, 16 O. S. 17, 18; Alber v. Froehlich, Ante 245.
The plaintiffs in error bound themselves that Greiner “ shall faithfully disburse according to law, all such funds as shall from time to time come into his hands ” as treasurer. The court tried the case without a jury, and the court found that Greiner, as treasurer, received $32,597.46, after the bond was approved, and disbursed but $22,055.18; and then had $10,542.28, which last sum and interest made up the judgment.
This court will not disturb the judgment except upon clear and satisfactory showing that the judgment is wrong. This *638 is a familiar rule of law, and repeatedly so held-by this Court. Merrick v. Boury, 4 Ohio St. 60; Ralston v. Kohls, 30 Ohio St. 92; Landis v. Kelly, 27 Ohio St. 567.
Plaintiffs in error say the word “funds" does not include the taxes paid for which the certificates of deposit were given, that certificates of deposit are not funds.
But neither the tíme when Greiner received the certificates^ nor the amount of the same charged as cash that went to make up the $32,597.46, is clearly (if at all) shown by the testimony. This is a sufficient answer. But a certificate of deposit is a receipt of a bank for a certain sum of money received upon deposit, and when the depositor “ wishes his funds to be running on interest,” ho usually takes a certificate of deposit. Their nature and the ordinary modes of business show that they are “ intended to represent moneys actually left with the bank-for safe keeping, which are to be retained until the depositor actually demands them.” They are generally made negotiable. Daniel on Negotiable Instruments, § 1698.
It seems to be admitted that drafts are funds. But apply to this case the rule of law, that payments made and not applied by the parties will be applied by the Court so as to secure the precarious part of a debt, and the plaintiffs in error would be held, not only for the judgment, rendered, but for the full amount of their bond. Field v. Holland, 6 Cranch 8; Planters' Bank v. Stockman, 1 Freeman’s Chy. 502; Stamford v. Benedict, 15 Conn. 437; Gaston v. Barney, 11 Ohio St. 506, 511, 515.
In Inhabitants of Sandwich v. Fish, 2 Gray 298, 301, the court holds liable the sureties on the last year’s bond of a treasurer who brought forward a balance in his hands at the beginning of the year.
This bank was a g-oing bank until about February 25, 1876. There was no “ treasury" in which Greiner was required to keep the funds ; lie could keep them where he preferred so he disbursed them according to law. For a proper disbursement of these funds the bond-was given.
*639 There was no error, against the plaintiffs in error, in the finding or judgment of the courts below.

Jv,dgment affirmed.